UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'    JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-03792-CAS-AYPx | Date | June 18, 2026 |
| Title | Gilbert Quijada Jr. et al v. Trajector, Inc et al. | | |

Present: The Honorable      CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:**        (IN CHAMBERS) - PARTIES' JOINT MOTION TO TRANSFER VENUE UNDER FIRST-TO-FILE RULE (Dkt. 19, filed May 26, 2026)

## I.      INTRODUCTION

The Court finds the present motion appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  Accordingly, the matter is hereby taken under submission.

On May 26, 2026, plaintiffs and defendants ("the parties") jointly filed the unopposed motion to transfer the case to the Northern District of Florida presently before the Court.  Dkt. 19 ("MTT").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.      BACKGROUND

### A.      The Quijada Action

On April 9, 2026, Gilbert Quijada, Jr., Jeffrey Phillips, and Kimberly Phillips, individually and on behalf of all others similarly situated, (collectively, "plaintiffs") filed a class action complaint against Trajector, Inc., and Trajector Medical, LLC (collectively, "defendants").  Dkt. 1 ("Quijada Compl.") ("the Quijada action").  Plaintiffs are resident citizens of California.  Quijada Compl. ¶¶ 31, 41, 50.  Defendants have their principal places of business in Florida.  Id. ¶¶ 57-58.  Defendant Trajector, Inc. is a corporation organized under the laws of Delaware.  Id. Defendant Trajector Medical is an LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'    JS-6**

| Case No. | 2:26-cv-03792-CAS-AYPx | Date | June 18, 2026 |
|---|---|---|---|
| Title | Gilbert Quijada Jr. et al v. Trajector, Inc et al. | | |

organized under the laws of Wyoming.  Id.  Each of the members of the LLC are citizens of Florida.  Id.

Plaintiffs assert five claims for relief: (1) declaratory judgment that defendants' service agreements with plaintiffs and putative class members are unlawful, void, and unenforceable; (2) violations of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; (3) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et. seq.*; (4) violations of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*; and (5) unjust enrichment.  Quijada Compl. at 39-54.  The claims for relief challenge the legality of fees charged by defendants for services rendered to plaintiffs in relation to United States Department of Veterans Affairs ("VA") disability claims.  See generally Quijada Compl.; MTT at 4.

The putative class in the Quijada action includes nationwide and California claimants who are veterans of any branch of the United States Armed Forces or eligible dependent spouses of said veterans who paid defendants or who defendants claim have any future obligation to pay for services relating to a claim for VA disability benefits and from whom defendants charged, demanded, or collected any fee or payment in connection with such assistance.  Quijada Compl. ¶¶ 32-24.

### B.    The Baker Action

On March 27, 2026, five Florida veterans, Baker et al., filed a putative class action complaint ("the Baker action") against defendant Trajector Medical, LLC in Alachua County, Florida.  MTT at 4.  The putative class members in the Baker action are Florida resident veterans who paid the defendant a fee.  Dkt. 20-1 ("Baker Compl.") at 8.  The Baker action alleges that the defendant charged unlawful fees in providing veterans services related to their VA disability compensation claims and seeks relief under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204(1).  Baker Compl. at 12-19.  On April 28, 2026, the defendant, Trajector Medical, LLC, removed the Baker action to the United States District Court for the Northern District of Florida.  MTT at 4.

## III.   LEGAL STANDARD

The "first-to-file" rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  Pacesetter Sys.,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'    JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-03792-CAS-AYPx | Date | June 18, 2026 |
| Title | Gilbert Quijada Jr. et al v. Trajector, Inc et al. | | |

Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982).  Pursuant to the first-to-file rule, a district court may transfer, stay, or dismiss an action when a similar action has been filed in another district court.  Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625–26 (9th Cir. 1991).  "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."  SB Hosp. Palm Springs, LLC v. Baymont Franchise Sys., Inc., No. 5:19-cv-00381-JGB-KK, 2019 WL 4422675, at *3 (C.D. Cal. May 8, 2019) (internal citation and quotation marks omitted).  "The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."  Alltrade, 946 F.2d at 628.

In determining whether to apply the first-to-file rule, the court weighs three factors: (1) chronology of the lawsuits, (2) similarity of the parties, and (3) similarity of the issues.  Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1240 (9th Cir. 2015).  The Court considers these factors in turn.

## IV.    DISCUSSION

### A.    Chronology of the Actions

On March 27, 2026, the Baker action was filed—thirteen days prior to the filing of the Quijada action.  MTT at 4.  Therefore, the first factor weighs in favor of applying the first-to-file rule.

### B.    Similarity of the Parties

In considering the similarity of the parties, "exact parallelism" is not required, it is only required that the parties be "substantially similar."  Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir.1989).  Moreover, "in assessing the similarity of parties in a class action, courts compare the classes, not the class representatives."  Bodley v. Whirlpool Corp., No. 17-cv-05436-JST, 2018 WL 2357640, at *2 (N.D. Cal. May 24, 2018).

Both actions name defendant Trajector Medical, LLC.  Quijada Compl. at 1; MTT at 4.  The Quijada action additionally names Trajector Inc.  Quijada Compl. at 1.  Trajector Medical is the client-facing entity with which plaintiffs in both actions interacted with.  Quijada Compl. ¶ 26; Baker Compl. at 2.  The putative class in the Quijada action, which includes veterans nationwide who paid Trajector Medical, LLC for services relating to a claim for VA disability benefits, subsumes the putative class in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'   JS-6**

| Case No. | 2:26-cv-03792-CAS-AYPx | Date | June 18, 2026 |
|---|---|---|---|
| Title | Gilbert Quijada Jr. et al v. Trajector, Inc et al. | | |

Baker action—Florida resident veterans who paid Trajector Medical, LLC a fee.  Baker Compl. at 8; Quijada Compl. at 32-24.

Moreover, the parties in the Quijada action agree that there is substantial similarity with the parties in the Baker action.  MTT at 6.

Accordingly, the Court finds that the overlap of the plaintiff putative classes and defendants in both actions constitute substantial similarity of the parties.

**C.      Similarity of the Issues**

"The 'similarity of the issues' factor does not require total uniformity of claims but rather focuses on the underlying factual allegations."  Sporn v. TransUnion Interactive, Inc., No. 18-cv-05424-YGR, 2019 WL 151575, at *5 (N.D. Cal. Jan. 10, 2019) (emphasis in original) (internal citation omitted).  "Cases are sufficiently similar where key issues overlap and the resolution of one case could affect the resolution of the other."  Carrera v. First Am. Home Buyers Prot. Co., No. CV1110242GHKFFMX, 2012 WL 13012698, at *5 (C.D. Cal. Jan. 24, 2012) (internal citation and quotation marks omitted).

The parties agree that the actions involve similar issues.  MTT at 7.  Both actions challenge fees charged by the defendant for services rendered in relation to VA disability compensation claims.  Baker Compl. ¶ 1; Quijada Compl. ¶ 11.  Focusing on the underlying factual allegations, the actions allege similar issues despite the claims arising under distinct state laws.  See e.g., Young v. L'Oreal USA, Inc., 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021).

Having found that the Quijada and Baker actions involve similar issues regarding, *inter alia*, fees charged by the defendants in relation to VA disability claims, the Court concludes that the factors weigh in favor of the first-to-file rule.

**D.      Transfer to the Northern District of Florida is Appropriate**

Having concluded under the first-to-file rule that transfer to the Northern District of Florida would promote judicial economy and consistent judgments, the Court considers the statutory requirements for proper venue.  Here, the Court may transfer the action to the Northern District of Florida as all parties have consented to the transfer.  See generally MTT; 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'   JS-6**

| Case No. | 2:26-cv-03792-CAS-AYPx | Date | June 18, 2026 |
|---|---|---|---|
| Title | Gilbert Quijada Jr. et al v. Trajector, Inc et al. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the parties' joint motion to transfer to the United States District Court for the Northern District of Florida.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |